(43 App. Div. 338.)

PARKER v. MOTT.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

1. LANDLORD AND TENANT—ACTION FOR SHARE OF CROP—COMPLAINT.
A complaint alleged that for the term of one year from April 1, 1896, until April 1, 1897, plaintiff worked defendant's farm under an agreement with defendant that, as compensation for so doing, plaintiff should share equally with defendant the crops raised thereon, and that in the fall of

1897 plaintiff, with defendant's knowledge and consent, sowed about 18 acres of wheat. The statement that the term was from 1896 to 1897 was an apparent mistake, as appears from other allegations in the complaint, and should have been from 1897 to 1898. *Held* sufficiently definite, in the absence of a motion to make more so, to protect a recovery for a share in the wheat, though it did not mature until the summer after the term expired.

**2. SAME—LEASE—CONSTRUCTION.**

A clause in a lease of land on shares for a year, providing that at the end of the year all the rye or wheat, to the amount of 36 acres, sown by the tenant, should belong to the landlord, clearly implies that rye or wheat sown in excess of that amount should be shared according to the contract.

**3. SAME—ACTION FOR SHARE OF CROP—APPEAL—REVIEW—QUESTIONS SUBMITTED TO JURY.**

In an action under a lease of land on shares, to recover the tenant's share in crops sown and left on the land in excess of 36 acres of rye or wheat, which, under the lease, was to belong to the landlord, the right to include in the 26 acres 7 acres of buckwheat land, on which the crop of rye was a failure, was voluntarily submitted by defendant to the jury, and they found against him. *Held*, that he could not complain on appeal that the buckwheat land was included in the 36 acres.

**4. SAME—LEASE—CONSTRUCTION.**

Where a tenant found 36 acres of rye on the land, and he covenanted to leave 36 acres of rye or wheat on the land at the end of his term, with the right to one-half the balance which he might have in excess thereof, the covenant means that, in default of 36 acres of rye, he may include wheat, in fulfillment of his obligation, and, if he leaves 36 acres of rye, he is entitled to share in all the wheat which he left in addition thereto.

**5. SAME—ACTION FOR SHARE OF CROP—FAILURE TO HARVEST.**

Where a tenant of land under a lease on shares is prevented by his landlord from harvesting his crops, the landlord cannot complain, in an action by the tenant for his share, that the tenant did not harvest the crop as he had agreed.

Appeal from trial term, Monroe county.

Action by George L. Parker against Philander Mott for breach of contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

In March, 1897, the plaintiff entered upon defendant's farm under a written agreement. Generally, the agreement was to work the farm upon shares. The term was to begin April 1, 1897, and end March 30, 1898. The material parts of the lease are as follows: "All the rye now sown on said farm by L. Andrews belongs to the first party, but it is understood and agreed that 2d party may have one-half of same, same as all other crops, being 36 acres, and at the end of the year all the rye or wheat, to the amount of 36 acres, so sown by 2d party, is all to be and belong to first party. * * * All the grain or produce so raised or grown upon said farm is to be drawn to some convenient market, when and where the first party may request, and all moneys arising from sale of same there to be equally divided. * * * 2d party is * * * to surrender peaceable and quiet possession of said premises on March 30th, 1898." Upon March 30, 1898, the plaintiff surrendered possession of the farm to the defendant. There was then upon the farm, as plaintiff's evidence tends to show, in the neighborhood of 17 acres of wheat, and there had been sown by the plaintiff about 36 acres of rye. In this 36 acres were included 7 acres in which the rye had been sown simultaneously with buckwheat. This experiment proved a failure, and upon the 7 acres there was not a sufficient crop of rye to repay the expense of harvesting. The plaintiff demanded one-half of the crop of wheat, and attempted to harvest the same. He was forbidden by the defendant, and brings this action for its value.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

W. H. Knapp, for appellant.
J. K. Smith, for respondent.

SMITH, J.   The appellant urges four objections to this judgment:

1. He contends that the complaint does not state facts sufficient to constitute a cause of action.   The complaint alleges that for the term of one year, from April 1, 1896, until April 1, 1897, the plaintiff worked this farm under an agreement with defendant that, as compensation for so doing, plaintiff should share equally with defendant the crops raised thereon, and that in the fall of 1897 the plaintiff, with defendant's knowledge and consent, sowed about 18 acres of wheat.   While the allegations are not as definite and clear as they might well have been, they are, in the absence of a motion to make more definite, sufficient to protect a recovery for a share in the wheat, although it did not mature until the summer after the expiration of the term.   The statement that the term was from 1896 to 1897 is an apparent mistake, as appears from the other allegations in the complaint.   It should have been from 1897 to 1898.

2. The defendant further contends that under the contract the plaintiff was entitled to no crops which could not be harvested before March 30, 1898.   The contract provides that "at the end of the year all the rye or wheat, to the amount of 36 acres, sown by the second party, is to be and belong to the first party."   This clause in the contract contains a clear implication that the rye or wheat in excess of the 36 acres may be held as joint property.   If the contract were in this respect of doubtful construction, it would be deemed settled by the practical construction put thereupon in the permission by the defendant to the plaintiff to sow rye and wheat in excess of 36 acres. While this permission alone gives no rights, it may be considered in determining a doubtful clause in the contract.

3. He again complains that the 7 acres of buckwheat land upon which the crop of rye was a failure cannot be included in the 36 acres agreed to be left under the contract.   This objection is not available to him at this stage of the case.   The right to include this 7 acres as a part of the 36 acres was submitted to the jury, in which submission the defendant acquiesced.   After they have found against him upon that question, his objection comes too late.

4. The defendant further argues that the measure of the plaintiff's injury is to be ascertained by finding the average yield per acre both of wheat and rye, and by giving to the plaintiff one-half of the excess over 36 acres, less the cost of harvesting.   The tenant found 36 acres of rye upon the land.   He covenanted to leave 36 acres of rye or wheat, with, as we have held, the right to one-half of the balance. A fair interpretation of the contract would allow and require, if there were 36 acres of rye and 17 acres of wheat, that he should leave the rye as a substitute for the rye which he took; and the clause in the contract providing that 36 acres of "rye or wheat" should be left means that in default of the stated number of acres of rye he might include wheat in the fulfillment of the obligation. With the construction of the contract above given, it then simply becomes a question of fact for the jury to determine as to how much

rye was left, and as to the amount of wheat in which the plaintiff was entitled to share. That wheat was owned by them as tenants in common. If by the contract the tenant is required to harvest the same, the defendant cannot complain when the tenant has been prevented from harvesting by his prohibition. He was entitled, therefore, to one-half of the net surplus after having set off the number of acres of rye sufficient to meet the contract, or, in default of a sufficient number, a sufficient number of acres of wheat to make the required number of acres which he was to leave pursuant to the contract. The bill, therefore, for threshing and harvesting, should properly have been deducted before the division was made, and should not have been taken wholly from the plaintiff's share. The appellant can make no complaint of the manner in which this case was submitted to the jury, and an examination of the record discloses no sufficient reason for reversing their conclusion. Judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.